Ejectment. — The title papers and evidence the same as in the preceding case.
It is not necessary to repeat what was said respecting the entry of the plaintiff, in the case of Reid's Lessee v.
Dodson, as the arguments now used, have not produced a different view of the *Page 419 
subject. There is one point made in this cause which was not adverted to in the other case. The counsel on both sides admit that before the Act of 1786, c. 20, there was no statute authorizing an entry to be given in evidence in' a court of law; nor in fact to look before the grant. This is certainly true. And further, I shall take the liberty of adding, the legislature never designed by their Acts of 1786, c. 20, or 1787, c. 23, to impeach a grant in a court of law. It is however stated in the argument of one of the counsel for the defendant that there was not any remedy before those acts in favor of the elder entry, either in law or equity. This is believed to be incorrect. The cases in 1 Haywood, 107, 135, 359, 375, 456, 498 show that there was remedy in equity for the elder entry before the passage of the Acts of 1786, c. 20, and 1787, c. 23. Those acts were only declaratory of the effect, and did not mean to alter the remedy which existed before. The words as to this purpose are of the same import as the statute of 13 Eliz. c. 5, and the 27 Eliz. c. 4, respecting fraudulent conveyances; and it is well known that those statutes did not alter the mode of redress; that remained the same as before the act. See Rob. on Fraud Conveyances. This statute is in affirmance of the antecedent law; and Lord Coke, in 2 Inst. 308, says that a knowledge whether a statute be introductive of a new law, or affirmatory of the old, is the very lock and key to let open the windows of the statute. Affirmative statutes, without any provision as to the mode of redress, leave the law in that respect as it stood before.[1] The distinction which applies to such cases, is, where the statute creates a right which did not exist before, and prescribes a remedy, that remedy, and no other, must be pursued; but in relation to pre-existent rights, a statute is never construed to be alterative of the mode of redress unless expressly directed. Pool v. Neal. The course of proceeding however, for about ten years, has been different, and courts of law have assumed concurrent jurisdiction with courts of equity, and to this course we must conform. Believing, as I uniformly have, that it never was a sound interpretation of the law to permit the introduction of an entry in a court of law, *Page 420 
I shall deem it my duty to accord with such opinions of the Court as may approach nearest to that tenet. Hence, the next step with me will be to reject every species of evidence as it respects the case of the youngest grant contending with an older one, except such as relate to the identification, notoriety, or want of notoriety, of the calls of an entry. In this view, personal notice of the locator is not admissible.[2]
Much reliance has been placed by the defendant's counsel on their grant being anterior to the Act of 1786; and on that ground the entry of the plaintiff ought to be excluded altogether. It is, to be sure, a maxim that nova constitutio facturis formam imponere debet nonprœeteritis. But statutes may be retrospective, agreeably to the common law;[3] and the Statute of 1786, c. 20, is as clearly so perhaps as any that ever was penned. The words used areheretofore or hereafter, and completely embraces the case before the Court. The only rational construction which the act could have, on the ground of its being introductive of a new law, would be a change as to remedy, not a divestment of right; the legislature were competent to the one but not to the other.
They might, if they thought proper, have translated the remedy in favor of the oldest entry, from a court of equity to a court of law; but by no legal construction, it is believed, can such an inference be collected from the act.
[1] Vin. Ab. tit. Statute E, 6; 11 Co. 61, Foster's case; Cro. Eliz. 104, Griffith v. Apprice; 2 Sid. 63, Pool v. Neal; Plow. Com. 113; Bac. Ab. tit. Statute G.; 2 Ves. Jr. 563; 2 Show, 30, King v. Stanton.
[2] Hardin, 13, 75, acc.
[3] 10 Rep. 65, Chancellor of Oxford's case.